UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Shatara Brown, Nikoe Lee, and Colleana Young, | Case No. 19-cv-3132 (WMW/KMM) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| Reese Pfeiffer, Fruen & Pfeiffer LLP, Michael Fruen, and M Fruen Properties LLC, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Shatara Brown's motion for a preliminary injunction. (Dkt. 18.) For the reasons addressed below, the Court denies Brown's motion as moot.

Plaintiffs Shatara Brown, Nikoe Lee, and Colleana Young commenced an action against Defendants Landlord Reese Pfeiffer, Fruen Pfeiffer LLP, Michael Fruen, and M Fruen Properties LLC for violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.* and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A, *et seq.*, and for negligent supervision. Specifically, Plaintiffs allege that Reese Pfeiffer sexually harassed them, made unwanted sexual advances towards them, and retaliated against them because they refused to comply with his sexual advances.

On the same day that Plaintiffs filed their complaint, Brown moved for a temporary restraining order (TRO) that would, among other things, enjoin Defendants from taking any action to evict Brown. Defendants did not respond to Brown's motion. The Court

imposed a TRO on December 27, 2019 and scheduled a hearing on the preliminary injunction motion for January 17, 2020.

Brown sought a preliminary injuction (1) compelling Defendants to rescind their October 31, 2019 notice to vacate; (2) enjoining Defendants from threatening to evict Brown before disposition of this case on the merits; (3) enjoining Defendants from contacting Brown regarding her rental housing and requiring that all communications between the parties be made through counsel; and (4) enjoining Defendants from taking any action to terminate Brown's lease or otherwise interfere with her lawful use of the leased residence.

At the January 17, 2010 hearing, Brown's counsel stated that Brown's two main concerns pertained to the state court eviction proceeding and the notice of non-renewal. Defendants' counsel represented to the Court that the eviction action is stayed, and the notice of non-renewal has been rescinded. Defendants' counsel also affirmed that Defendants agree not to make any further contact with Brown regarding her housing and that they do not seek Brown's eviction. In light of these representations, the Court inquired as to what, if anything, was left to be enjoined. In response to the Court's inquiry, Brown's counsel represented that if Defendants stayed the eviction action, there would be nothing left to enjoin. Upon defense counsel's confirmation that Defendants had stipulated to stay the eviction action, counsel for Brown and counsel for Defendants represented to the court affirmatively that the issue is moot and the motion for preliminary injunction should be denied as moot.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**: Brown's motion for a preliminary injunction, (Dkt. 18), is **DENIED AS MOOT**.

Dated: January 23, 2020
                                                           s/Wilhelmina M. Wright
                                                           Wilhelmina M. Wright
                                                           United States District Judge