UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shatara Brown, Nikoe Lee, and
Colleana Young,

                            Case No. 19-CV-3132 (WMW/KMM)

                Plaintiffs,

v.

                            **MEMORANDUM OF LAW IN**
                            **SUPPORT OF DEFENDANT**
Reese Pfeiffer, Fruen & Pfeiffer LLP,   **MICHAEL FRUEN'S MOTION TO**
Michael Fruen, and M Fruen Properties   **DISMISS**
LLC,

                Defendants.

## INTRODUCTION

      Plaintiffs initiated this lawsuit against four Defendants, including Michael Fruen

("Fruen"), the sole owner of Defendant M Fruen Properties, LLC ("M Fruen Properties").

Plaintiffs' Complaint is riddled with factual errors that were known or should have been

known to them at the time the Complaint was filed.  It is a matter of public record that

Fruen is not an individual owner of either property at issue in this litigation, namely the

property located at 9840 Nicollet Avenue South, Bloomington, MN 55420 ("Nicollet

Avenue Property"), where Plaintiff Colleana Young is currently a tenant and in serious

arrears on her rent obligations to M Fruen Properties.

      Fruen is not individually liable for the acts of M Fruen Properties, and Plaintiffs

have not pled any facts which would support a different conclusion.  Additionally,

Plaintiffs' Complaint acknowledges that Fruen did not commit any of the alleged intentional tortious acts. As such, Plaintiffs failed to state a claim against Fruen for which relief could be granted and the Court should immediately dismiss him from this lawsuit.

## RELEVANT MATERIAL FACTS

Plaintiffs consist of a former tenant, Nikoe Lee, who voluntarily terminated her tenancy over one and half years ago; while the two other named Plaintiffs, Shatara Brown ("Brown") and Colleana Young ("Young") are tenants of Fruen & Pfeiffer, LLP ("Fruen & Pfeiffer"), and M Fruen Properties, respectively. Public records reflect that Fruen & Pfeiffer owns the property located at 4848 Maryland Avenue North, Minneapolis, MN 55428, where Brown is currently a tenant. *See* Hennepin County Property Information Search, *available at* https://www.hennepin.us/residents/property/property-information-search. Public records also reflect that M Fruen Properties owns the Nicollet Avenue Property where Young is currently a tenant. *See* Hennepin County Property Information Search, *available at* https://www.hennepin.us/residents/property/property-information-search. Young was and remains in serious arrears on her rent obligations due M Fruen Properties. *See* Defendant M Fruen Properties' Answer to Complaint and Counterclaim. Plaintiffs do not allege that Fruen committed any of the intentional tortious acts alleged in the Complaint.

<u>**LEGAL ARGUMENT**</u>

I.     <u>**MICHAEL FRUEN'S MOTION TO DISMISS MUST BE GRANTED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD AN ACTIONABLE CLAIM FOR RELIEF AGAINST FRUEN.**</u>

   a.   <u>**Motion to Dismiss Standard**</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed if the plaintiff has failed to plead an actionable claim for relief.  Moreover, "[t]o survive a motion to dismiss, a claim must be *facially plausible*, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Where we can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed."  *Cole*, 599 F.3d at 861 (quoting *Iqbal*, 556 U.S. at 679).  The requirement that plaintiffs plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  When applying this standard to the facts set forth above, Plaintiffs' claims against Michael Fruen, individually, should be dismissed because there is no meritorious allegation that he did anything actionable.   .

## II.   <u>MICHAEL FRUEN IS NOT AN INDIVIDUAL OWNER OF EITHER PROPERTY AT ISSUE IN THIS LAWSUIT, WHICH IS A MATTER OF PUBLIC RECORD.</u>

While it is a general rule that the Court may not consider materials outside the pleadings on a motion to dismiss under Rule 12(b)(6), the Court may consider materials that are part of a public record.  "The court generally must ignore materials outside the pleadings, but it may consider 'some materials that are *part of the public record* or do not contradict the complaint," as well as materials that are "necessarily embraced by the pleadings."  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (emphasis added) (citing *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999), *cert. denied*, 527 U.S. 1039 (1999) ("Some materials that are part of the public record…may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.").  Stated differently, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and *matters of public record*."  *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (emphasis added); *see Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).  In the context of this Motion, public property records, made available by the Hennepin County government, can properly be considered by this Court without converting this Motion into a summary judgment motion.

Here, a simple property records search reflects that M. Fruen Properties is the owner of Nicollet Avenue Property, not Fruen individually.[1]  Plaintiffs' Complaint both

---

1 Plaintiffs admit this factual error and seek to correct it in their Motion to Amend Complaint, currently pending before this Court.

acknowledges and ignores this fact, leading to an untenable conflict in their claims.  For

example, the Complaint states that "[M Fruen Properties] is listed as owner of the multi-unit

property located at 9840 Nicollet Avenue South, Bloomington, Minnesota…."  (Complaint

¶ 25).[2]  Similarly, the Complaint admits that the 4848 Maryland Avenue North property is

owned by Fruen and Pfeiffer, as opposed to Fruen individually.  *Id.* at ¶ 22.  Despite

admitting the ownership reflected in the public property records, Plaintiffs assert claims for

violation of the FHA and violation of the MHRA directly against Fruen.  (Complaint ¶¶

126-134).  As discussed below, those claims fail as a matter of law.

Even more problematic is Plaintiffs' contradictory allegation that "[Fruen] and

[Fruen and Pfeiffer] are co-owners of property located at 4848 Maryland Avenue North…"

and "[Fruen] and [M Fruen Properties] are co-owners of property located at 9840 Nicollet

Avenue South…."  *Id.* at ¶¶ 136-37.  It is a matter of public record that Fruen is not an

individual owner of these properties.  This fact was known or should have been known to

Plaintiffs at the time the Complaint was filed.  Because Fruen is not an individual owner of

the property at issue, there is no *facially plausible* claim against him.

### III.   MICHEAL FRUEN INDIVIDUALLY IS NOT VICARIOUSLY LIABLE FOR THE ALLEGED ACTS OR OMISSIONS OF REESE PFEIFFER.

It is a matter of public record that Fruen, individually, is not the owner of the

Nicollet Avenue Property.  M Fruen Properties is the owner of record.  Thus, Fruen is an

improper party to this action.  It is made clear in *Meyer v. Holley*, 537 U.S. 280, 285

2 The phrase "[M Fruen Properties] is listed as…" demonstrates Plaintiffs' use of public property records in preparing their Complaint, which means both that those documents are necessarily embraced by the pleading and a matter of public record discussed in the pleading.

(2003), that while the Fair Housing Act provides for vicarious liability, traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees only within the scope of their authority or employment. *Id*. However, "in the absence of special circumstances *it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability* for torts committed by its employees or agents." *Id*. at 286. (emphasis added). Thus, even when the facts alleged in the Complaint are assumed to be true, it is M Fruen Properties which would be subject to vicarious liability, not Michael Fruen individually.

*Meyer* expanded upon the principal/agency relationship stating, "The Restatement § 1 specifies that the relevant principal/agency relationship demands not only control (or the right to direct or control) but also 'the manifestation of consent by one person to another that the other shall act on his behalf, and consent by the other so to act.' *A corporate employee typically acts on behalf of the corporation, not its owner or officer*." *Id*. at 286. (citing Restatement (Second) of Agency § 1 (1958)) (emphasis added). Again, if Mr. Pfeiffer were an employee or agent, he would be acting on behalf of M Fruen Properties, not Fruen individually. Subsequently, Plaintiffs failed to plead an actionable claim for relief against Fruen.

Moreover, Plaintiffs do not allege that Fruen committed any of the intentionally tortious acts alleged in the Complaint. Thus, Plaintiffs' only remaining claim against Fruen is for negligent supervision. However, as explained in *Johnson v. Peterson*, 734 N.W.2d 275, 277 (Minn. Ct. App. 2007), negligent-supervision claims are premised on an

6

employer's duty to control employees and prevent them from intentionally or negligently inflicting personal injury." (citing *Semrad v. Edina Realty, Inc.*, 493 N.W.2d 528, 534 (Minn. 1992)).

This Court looks to Minnesota law in determining the elements and viability of a negligent supervision claim. *Thompson v. Olsten Kimberly Quality-Care, Inc.*, 980 F. Supp. 1035, 1040-41 (D. Minn. 1997). *C.B. ex rel. L.B. v. Evangelical Lutheran Church in Am.*, 726 N.W.2d 127, 136 (Minn. Ct. App. 2007) establishes the elements necessary "to make out a successful claim for negligent supervision, the Plaintiff(s) must prove (1) 'the employee's conduct was foreseeable;' and (2) 'the employer failed to exercise ordinary care when supervising the employee.'" (citing *Oslin v. State,* 543 N.W.2d 408, 415 (Minn. App. 1996), *review denied* (Minn. Apr. 1, 1996)). In negligence cases, "foreseeability" means a level of probability that would lead a prudent person to take effective precautions. *See Fahrendorff ex rel. Fahrendorff v. N. Homes, Inc.*, 597 N.W.2d 905, 912 (Minn. 1999). If the abusive behavior was objectively foreseeable, then the inquiry must focus on whether the employer took reasonable precautions, beforehand, to prevent the abuse. *Ponticas v. K.M.S. Investments,* 331 N.W.2d 907, 911 (Minn. 1983).

Here, not only was the complained of discrimination not foreseeable, but Fruen was never put on notice that action needed to be taken in order to stop it. The alleged harassment was most certainly not within Pfeiffer's job description as a landlord or property manager, for that matter. Fruen could not have anticipated that such alleged harassment and the degree to which Plaintiffs claim it transpired would have occurred. Plaintiffs do not

allege that they have ever met Fruen.  Plaintiffs do not allege that they have ever attempted to contact Fruen or any representative of M Fruen Properties to lodge a complaint or concern regarding Pfeiffer.  In fact, Plaintiffs do not allege that they ever took any action to put Fruen on notice of the complained of discrimination.  Because the alleged harassment was not foreseeable and Fruen was never made aware of Plaintiffs' grievances, he certainly could not have been expected to take "reasonable precautions" to prevent such behavior. Thus, as a matter of law, Plaintiffs' negligent supervision claim against Fruen fails.

## CONCLUSION

Plaintiffs fail to state a claim upon which relief can be granted against Fruen because he is not an individual owner of either of the properties at issue.  Additionally, Plaintiffs do not allege that Fruen committed any intentionally tortious act complained of. As such, Fruen is an improper party to this action and his Motion to Dismiss should be granted.

**SKOLNICK & JOYCE, P.A.**

Dated:  February 27, 2020          BY: */s/ Samuel M. Johnson*
                                                 William R. Skolnick, #137182
wskolnick@skolnickjoyce.com
Samuel M. Johnson, #395451
sjohnson@skolnickjoyce.com
Andrea J. Skolnick, #0399409
askolnick@skolnickjoyce.com
Skolnick & Joyce, P.A.
333 South Seventh Street, 1150 SPS Tower
Minneapolis, MN 55402
Main: (612) 677-7600
Fax: (612) 677-7601

**ATTORNEYS FOR DEFENDANTS
MICHAEL FRUEN AND M FRUEN
PROPERTIES, LLC**