UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shatara Brown, Nikoe Lee, and Colleana Young, | Case No. 19-cv-3132 (WMW/KMM) |
| Plaintiffs, | |
| v. | **ORDER ENTERING CONSENT DECREE** |
| Reese Pfeiffer, Fruen & Pfeiffer LLP, and M Fruen Properties LLC, | |
| Defendants. | |
| United States of America, | Case No. 20-cv-1974 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER ENTERING CONSENT DECREE** |
| Reese Pfeiffer; Jeanne Pfeiffer; Michael Fruen; Jeremy Martineau; Fruen & Pfeiffer, LLP; and M. Fruen Properties, LLC, | |
| Defendants. | |

This matter is before the Court on the August 23, 2021 joint motion for entry of a proposed consent decree filed by Plaintiff United States of America. *United States of America v. Pfeiffer*, No. 20-cv-1974 (WMW/KMM), Dkt. 76 (D. Minn. Aug. 23, 2021). The Consent Decree represents an agreement between the parties to resolve disputes in the two related above-captioned cases regarding alleged violations of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601 *et seq.* For the reasons addressed below, the motion for entry of the Consent Decree is granted.

## BACKGROUND

On December 19, 2019, Plaintiffs Shatara Brown, Nikoe Lee, and Colleana Young commenced a civil-rights action against Defendants Reese Pfeiffer, Fruen & Pfeiffer LLP, Michael Fruen, and M Fruen Properties, LLC, alleging sexual harassment in housing in violation of the FHA. *Brown v. Pfeiffer*, No. 19-cv-3132 (WMW/KMM), Dkt. 4 (D. Minn. Dec. 19, 2019).

On September 16, 2020, the United States commenced a civil-rights action alleging that Reese Pfeiffer, acting as an agent of Defendants Jeanne Pfeiffer, Michael Fruen, Jeremy Martineau, Fruen & Pfeiffer, LLP, and M. Fruen Properties, LLC, violated the FHA by discriminating against tenants and prospective tenants on the basis of sex in the rental of dwellings owned by Defendants, and managed by Reese Pfeiffer, in and around Minneapolis, Minnesota. *United States of America v. Pfeiffer*, No. 20-cv-1974 (WMW/KMM), Dkt. 1 (D. Minn. Sept. 16, 2020). Specifically, the United States alleges that, from at least 2009 through the present, Reese Pfeiffer subjected multiple female tenants to severe, pervasive and unwelcome sexual harassment and retaliation. *Id.* The United States alleges that Defendants' conduct constitutes a pattern or practice of denying to a group of persons the rights protected by the FHA and that such conduct raises an issue of general public importance.

The parties now jointly move for entry of a proposed consent decree (Consent Decree). The Consent Decree represents a compromise of the disputed claims in the above-captioned cases. The Consent Decree is not an admission of liability by any Defendant and is not intended to be construed as an admission of liability.

## ANALYSIS

In cases implicating important public interests, the Eighth Circuit has recognized that district courts have a role in approving settlement agreements. *See, e.g.*, *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172–74 (8th Cir. 2012) (reversing district court's rejection of consent decree involving alleged violation of Americans with Disabilities Act); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018–21 (8th Cir. 2002) (affirming approval of consent decree involving environmental cleanup). "Public law settlements are often complicated documents designed to be carried out over a period of years, . . . so any purely out-of-court settlement would suffer the decisive [disadvantage] of not being subject to continuing oversight and interpretation by the court." *Prod. Fabricators*, 666 F.3d at 1173 (omission in original) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 523 n.13 (1986)). The decision whether to approve a consent decree rests within the discretion of the district court. *Id.* at 1172.

Here, the Consent Decree implicates significant public interests—namely, enforcing the FHA and the civil rights protected thereunder. In addition, the Consent Decree is a complex document that includes obligations to be fulfilled over an extended period of time. These obligations involve the management of numerous residential properties, education and training as to the FHA, and compensation of aggrieved persons. Such obligations may require continuing oversight and interpretation by a court. A district court "is more than a recorder of contracts from whom parties can purchase injunctions," however. *Id.* (internal quotation marks omitted). Accordingly, before

entering a proposed consent decree, this Court must find that the proposed consent decree is (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law. *See United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85–93 (1st Cir. 1990).

I. **Procedural Fairness**

"To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Cannons*, 899 F.2d at 86; *accord BP Amoco*, 277 F.3d at 1020. The reviewing court should determine whether the government and the settling defendant were "negotiating in good faith and at arm's length" when crafting the proposed consent decree. *BP Amoco*, 277 F.3d at 1020.

Here, the parties' motion does not expressly address procedural fairness. But the record reflects that all the parties are represented by counsel. And the parties participated in multiple settlement conferences and status conferences with United States Magistrate Judge Katherine M. Menendez, over the course of several months, before finalizing the terms of the Consent Decree. Moreover, the Consent Decree is signed by the parties and their respective counsel. Accordingly, the record establishes that the Consent Decree is procedurally fair.

II. **Substantive Fairness**

"Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Id.* (quoting *Cannons*, 899 F.2d at 87). When reviewing a consent decree

4

for substantive fairness, a district court does not examine "whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *Cannons*, 899 F.2d at 84.

Here, if the Court enters the Consent Decree, Defendants will be enjoined from future violations of the FHA and required to implement measures designed to prevent future violations, including participation in training programs regarding the FHA with specific emphasis on sex discrimination and sexual harassment. In addition, aggrieved persons will be monetarily compensated for their alleged past injuries. Defendants also will be required to pay a civil penalty to the United States to vindicate the public interest. Accordingly, the record demonstrates that the Consent Decree is substantively fair.

### III. Reasonableness

A court evaluating a proposed consent decree for fairness and reasonableness should assess "(1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294–95 (2d Cir. 2014) (internal citations omitted); *see also Angela R. ex rel. Hesselbein v. Clinton*, 999 F.2d 320, 325 (8th Cir. 1993) (concluding that district court abused its discretion by approving consent decree that did not properly define the enforcement mechanisms). Protection of the public interest is an important, overarching

consideration.  *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991) (addressing a consent decree involving environmental cleaning).

Here, the basic legality of the Consent Decree is supported by the record and the relevant law.  Injunctive relief, monetary damages, and civil penalties are appropriate forms of relief in cases asserting violations of the FHA.  42 U.S.C. §§ 3613(c) (relief available in action for enforcement by private persons); 3614(d) (relief available in action for enforcement by attorney general).  These forms of relief also are consistent with the allegations in the complaints.  Accordingly, the legality of the Consent Decree is clear and its terms are appropriate, proportionate and reflect a resolution of the actual claims in the complaints.

To be reasonable, the terms of a consent decree, including its enforcement mechanisms, also must be clear.  *See Hesselbein*, 999 F.2d at 325.  The enforcement mechanism must clearly define who may bring an enforcement action and the bases and manner for doing so.  *See id.*  Here, the Consent Decree provides, among other things, that if "any Defendant, their agent, or their employee engages in any future violation(s) of the FHA, such violation(s) shall constitute a 'subsequent violation' pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii)."[1]  The Consent Decree also includes provisions authorizing the United States to review compliance with the Consent Decree through testing and inspection of records, and permits the United States to move this Court "to extend the period of the non-permanent terms of this Consent Decree if one or more Defendants

---

[1]  The FHA provides that a court "may, to vindicate the public interest, assess a civil penalty . . . in an amount not exceeding $100,000, for any subsequent violation."  42 U.S.C. § 3614(d)(1)(C)(ii).

violates any term of the Consent Decree," with any such extension applying only to the Defendants who have violated the Consent Decree. Finally, the Consent Decree provides:

> The Parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by any Defendant, willful or otherwise, to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees occasioned by the violation or failure to perform.

The Court finds that these terms clearly define who may bring an enforcement action, for what types of violations, and in what manner.

Finally, there is no evidence that the Consent Decree is tainted by improper collusion or corruption, nor does the Consent Decree disserve the public interest. The injunctive and monetary relief outlined in the Consent Decree appropriately and adequately serve the public interest.

For all the foregoing reasons, the Consent Decree is reasonable.

**IV.    Consistency with Governing Law**

A consent decree also must be consistent with the overarching principles of the governing law. *See Cannons*, 899 F.2d at 90–93. The FHA provides that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Enforcement actions under the FHA

7

may be commenced by either aggrieved persons or the Attorney General. *See* 42 U.S.C. §§ 3613(a), 3614(a). In cases alleging violations of the FHA, district courts have the authority to grant appropriate injunctive relief and order the payment of monetary damages and civil penalties. *See* 42 U.S.C. §§ 3613(c), 3614(d). Accordingly, the Consent Decree is consistent with the laws that govern this dispute.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. The parties' joint motion for entry of a proposed consent decree, (Dkt. 76), is **GRANTED**.

2. The Court retains jurisdiction over this matter for the purpose of enforcing the terms of the Consent Decree, a fully executed copy of which is filed with this Order.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 25, 2021                                  s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge

---

[2] The fully executed copy of the Consent Decree filed with this Order has been revised to correct typographical errors identified by the Court but has not been substantively altered.