UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REESE PFEIFFER; JEANNE PFEIFFER; )<br>MICHAEL FRUEN; JEREMY MARTINEAU; )<br>FRUEN & PFEIFFER, LLP; AND M. FRUEN )<br>PROPERTIES, LLC, )<br>)<br>Defendants. ) | 20-cv-1974 (WMW/KMM) |
| SHATARA BROWN, NIKOE LEE, AND )<br>COLLEANA YOUNG, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>REESE PFEIFFER, FRUEN & PFEIFFER )<br>LLP, MICHAEL FRUEN, AND )<br>M FRUEN PROPERTIES, LLC, )<br>)<br>Defendants. ) | 19-cv-3132 (WMW/KMM) |

**CONSENT DECREE**

**I.    INTRODUCTION**

1. On December 19, 2019, Plaintiffs Shatara Brown, Nikoe Lee, and Colleana Young filed Civil Action 19-cv-3132 (WMW/KMM) under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3613, alleging sexual harassment in housing against Defendants Reese Pfeiffer, Fruen & Pfeiffer LLP, Michael Fruen, and M Fruen Properties, LLC.

2. On September 16, 2020, the United States of America filed Civil Action 20-cv-1974 (WMW/KMM) to enforce Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), 42 U.S.C. §§ 3601-3631. The United States alleges that Reese Pfeiffer, acting as an agent of

Defendants Jeanne Pfeiffer, Michael Fruen, Jeremy Martineau, Fruen & Pfeiffer, LLP, and M. Fruen Properties, LLC, violated the Fair Housing Act (FHA) by discriminating against prospective tenants and tenants on the basis of sex in the rental of dwellings owned by Defendants, and managed by Reese Pfeiffer, in and around Minneapolis, MN. Specifically, the United States alleges that from at least 2009 through the present, Reese Pfeiffer subjected multiple female tenants to severe, pervasive, and unwelcome sexual harassment and retaliation, including but not limited to the following:

    a. Coercing or pressuring female tenants to engage in sexual acts to obtain or keep their housing;

    b. Making unwelcome sexual comments, propositions, and sexual advances to female tenants;

    c. Subjecting female tenants to unwelcome sexual contact, including but not limited to, touching female tenants' breasts and genitals;

    d. Offering to grant tangible housing benefits—such as providing a rental opportunity or overlooking or excusing late or unpaid rent or utilities – in exchange for sex or sex acts;

    e. Taking or threatening to take adverse housing actions, such as eviction, against female tenants who objected to and/or refused sexual advances;

    f. Expressing a preference for renting to single female tenants; and

    g. Making intrusive and at times unannounced visits to female tenants' homes to further his sexual advances.

3. The United States alleges that the conduct described above constitutes a pattern or practice of resistance to the full enjoyment of rights granted by the FHA and denial to a group of persons of rights granted by the FHA, which denial raises an issue of general public importance.

4. The United States further alleges that Jeanne Pfeiffer, Michael Fruen, Jeremy Martineau, Fruen & Pfeiffer, LLP, and M. Fruen Properties, LLC, are liable for discriminatory actions and conduct committed by their agent Reese Pfeiffer.

5. Defendants deny the allegations of the private plaintiffs and the United States, and specifically deny that the conduct of any Defendant constitutes sexual harassment, discrimination, retaliation, or a violation of the FHA. This Consent Decree is entered into as a compromise of a disputed claim, and is not an admission of liability by any Defendant, and is not to be construed as an admission of liability.

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3614(a).

ACCORDINGLY, it is hereby ADJUDGED, ORDERED and DECREED:

## II. TERMS AND CONDITIONS

7.	The provisions of this Consent Decree shall apply to all Defendants, their officers, agents, employees, successors, heirs, and assigns, and all other persons or entities in active concert or participation with them with respect to the management of the properties encompassed by this Consent Decree.

8.	Unless otherwise specified herein, the provisions of this Consent Decree apply to any residential rental property that is owned or operated by any of the Defendants, or that is owned or operated by any entity of which any Defendant is an officer, agent, employee, or partner, or in which any Defendant has any ownership, financial, or control interest, whether that property is currently owned or acquired during the term of this Consent Decree.

9.	This Decree is effective immediately upon its filing by the Court. For purposes of this Decree, the phrases "date of the Consent Decree" and "effective date" shall refer to the date on which the Court enters the Consent Decree.

## III. INJUNCTION – ALL DEFENDANTS

10.	Defendants, their officers, agents, employees, successors and assigns, and all other persons or entities in active concert or participation with them, are enjoined from:

   a.	Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

   b.	Discriminating against any person in the terms, conditions, or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of sex;

   c.	Making, printing, publishing, or causing to be made any notice, statement, or advertisement with respect to the rental of a dwelling unit that states any preference, limitation, or discrimination based on sex; and

   d.	Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the FHA.

## IV. INJUNCTION CONCERNING MANAGEMENT OF RESIDENTIAL RENTAL PROPERTIES

11.	Defendant Reese Pfeiffer is permanently enjoined from directly or indirectly performing any property management responsibilities at any residential rental property. For purposes of this Decree, "property management responsibilities" include the following: showing

3

or renting housing units; processing rental applications; performing or supervising repairs or maintenance; determining tenant eligibility for subsidies or waivers of fees and rents; inspecting dwelling units; collecting rent and fees; entering rental units; overseeing any aspects of the rental process; or engaging in any property-related activities that involve, or may involve, personal contact with tenants or prospective tenants.

12. Defendants shall retain an Independent Manager or Independent Managers, to be approved in writing by the United States, to perform all property management responsibilities as described in Paragraph 11, supra, at any residential rental property set forth in Attachment A to this Consent Decree, as well as subsequently-acquired properties as set forth in Paragraph 16, infra (current or future rental properties). An "Independent Manager" is an individual or entity experienced in managing rental properties and who has no current or past employment, financial, contractual, personal, or familial relationship with Defendants. A list of the properties that Defendants own, lease, or control in the Twin Cities metropolitan area as of the entry of this Consent Decree, is contained in Attachment A. Defendants affirm that the list in Attachment A is a complete list of all such properties as of the entry of this Consent Decree. Within 21 calendar days after the entry date of this Consent Decree, Defendants shall identify a proposed Independent Manager and provide counsel of record for the United States by email relevant information about his or her professional background and contact information. The United States will have 21 calendar days following Defendants' identification of a proposed Independent Manager to notify Defendants whether the Independent Manager has been approved or disapproved. If notice of approval or disapproval is not provided within 21 calendar days, the United States will be deemed to have approved the selection of the proposed Independent Manager. If the United States does not approve the proposed Independent Manager, Defendants will have 21 days from such notification to identify an alternate Independent Manager. This process will continue until an Independent Manager is approved by the United States, and within 7 calendar days thereafter, is retained by Defendants. If the parties cannot reach agreement on an Independent Manager, any party may seek the Court's assistance. During the pendency of the approval process for the Independent Manager, Defendants may continue to manage the properties encompassed by the Consent Decree, provided the no-contact and other provisions of Paragraph 1 of the Protective Order (Dkt. No. 39) in the United States' action shall remain in effect, and provided the approval process is completed within three months from the date of the Consent Decree.

13. If, after retaining an Independent Manager, Defendants wish to change the Independent Manager for any reason, they shall submit the name of the prospective manager, in writing, to the United States for written approval at least 10 days prior to retaining the individual or entity. This information shall be provided by email or U.S. Mail to Assistant United States Attorneys Bahram Samie, Ann Bildtsen, or the Civil Chief of the U.S. Attorney's Office for the District of Minnesota.

14. Defendant Reese Pfeiffer is permanently enjoined from entering any occupied rental property that any Defendant owns or comes to own and/or manage or comes to manage. Entering a property includes, but is not limited to, entry into the dwelling unit, leasing office, basement, attic, communal space, yard, parking area, and garage. A property is "occupied" if any unit at the property is rented or leased to a tenant or resident, regardless whether the individual is present at the time.

15. Defendants shall do the following for any current or future rental properties:

   a. Implement, subject to the United States' approval, a written policy against sexual harassment, including a formal complaint procedure. A copy of this policy and procedure shall be provided to counsel for the United States within 30 days of the effective date of this Consent Decree for current properties and within 30 days of the purchase, lease, or assumption of control of any residential rental properties Defendants later acquire as described in Paragraph 16, infra. This policy and procedure shall be implemented within five days of notification from the United States to Defendants that the policy and procedure is satisfactory to the United States. At that time, Defendants shall ensure all new and current tenants are notified of the policy and procedure by mail.

   b. Ensure that any persons who will be performing any duties with respect to current or future rental properties are familiar with the requirements of the FHA, particularly as they pertain to sexual harassment and other forms of sex discrimination, and this Consent Decree. This can be achieved by providing training to such persons as described in Paragraphs 22 and 24, infra.

   c. Post an "Equal Housing Opportunity" sign in any rental office through which dwellings at current or future properties are rented and every rental property Defendants own, which indicates that all dwellings are available for rent on a nondiscriminatory basis. An 11-inch by 14-inch poster that comports with 24 C.F.R. Part 110 will satisfy this requirement. Such poster shall be placed in a prominent, well-lit location where it is easily readable. Defendants may use HUD Form 928, available at: https://portal.hud.gov/hudportal/documents/huddoc?id=928.1.pdf.

   d. Require that all advertising conducted for any of the current or future properties in newspapers, telephone directories, radio, television, Internet websites, social media, or other media, and all billboards, signs (including at the properties), pamphlets, brochures, and other promotional literature, include either a fair housing logo, the words "equal housing opportunity provider," and/or the following sentences: "We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability." The words or logo shall be legible and prominently placed.

   e. Send to the United States within 30 days after the effective date of this Consent Decree, and every six months thereafter for the duration of this Consent Decree, a list of all tenants at current or future properties and their addresses.

   f. Maintain all rental records kept in relation to rental of current and future rental properties and allow the United States to inspect and copy such records upon reasonable notice.

5

  g. Provide any information reasonably related to compliance with this Consent Decree that is requested by the United States.

  h. Notify the United States in the event the Defendants or Independent Manager obtains any information indicating that Defendant Reese Pfeiffer may be in violation of this Consent Decree or the Fair Housing Act, including by entering the premises of any property.

  16. If, at any time during the effective period of this Consent Decree, any Defendant acquires a direct or indirect management, ownership, financial, or controlling interest in any other residential rental property, such property shall be subject to this Decree. All acquired properties, other than those acquired by Defendant Jeremy Martineau without involvement of other Defendants, shall also be subject to the same terms in this Consent Decree as properties listed in Attachment A. Within 30 days of acquiring such an interest, the Defendant shall notify counsel for the United States of the nature of their interest in the dwelling or property; the address of the property; the number of individual dwelling units at the property; and any other information required under this Decree. Defendants shall further provide the United States with copies of any documents memorializing the transfer in interest of the property. This information shall be provided by email or U.S. Mail to Assistant United States Attorneys Bahram Samie, Ann Bildtsen, or the Civil Chief of the U.S. Attorney's Office for the District of Minnesota.

  17. If, prior to the effective date or at any time during the effective period of this Decree, any Defendant sells or transfers a residential rental property to a bona fide, third-party purchaser in an arms-length transaction, such property shall cease to be subject to this Consent Decree. For purposes of this Decree, a "bona fide, independent third-party purchaser" is one with whom Defendants have no current or past financial, contractual, personal, or familial relationship. An "arms-length transaction" is one that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction. A corporation or entity of which any Defendant is an officer, partner, employee, or agent, or in which any Defendant has an ownership, financial or controlling interest, is not a "bona fide, independent third-party purchaser," and any transaction involving such a purchaser will not qualify as an "arms-length transaction." Notwithstanding this prohibition, a Defendant may enter into an agreement with another Defendant to divest its ownership interest in a jointly owned property identified in Attachment A, or in a property that is otherwise subject to this Decree pursuant to Paragraph 16, supra. The effective date of such a divestment is the date of transfer of the property, whether by deed or by transfer of ownership interest in any entity which owns the property. As of the effective date of such divestment, the transferring owner's requirements under the Consent Decree as to the transferred property shall cease.

  18. If at any time during the effective period of this Decree, any Defendant claims that their obligations under this Decree have terminated or changed because they have sold or transferred one or more residential rental properties to a bona fide, third-party purchaser in an arms-length transaction as defined in Paragraph 17, supra, the Defendant shall inform the United States within 30 days of such transaction and provide the date of the sale or transfer, copies of the documents memorializing the sale or transfer, and contact information for the subsequent purchaser. This information shall be provided by email or U.S. mail to Assistant United States

Attorneys Bahram Samie, Ann Bildtsen, or the Civil Chief of the U.S. Attorney's Office for the District of Minnesota.

19. If any transfer of interest in all or a portion of any residential rental property by a Defendant is not an arms-length transaction as defined in Paragraph 17, supra, the Defendant shall remain jointly and severally liable, along with the purchaser or transferee, for any violation of this Decree, except where the transfer of ownership is a divestiture as provided in Paragraph 17.

20. Reese Pfeiffer is permanently enjoined from purposefully or knowingly contacting or communicating, either directly or indirectly, with any person identified by the United States as an aggrieved person in this action. "Contacting or communicating" includes, but is not limited to, physical contact, verbal contact, telephone calls, e-mails, faxes, written communications, text or instant messages, contacts through social media, or other communications made through third parties.

21. In the event that Reese Pfeiffer inadvertently or unintentionally initiates any contact with any person described in Paragraph 20, supra, or such person initiates such contact with him, Reese Pfeiffer shall immediately discontinue the contact or communication, take all reasonable steps to avoid any further contact or communication, and refer the person to speak with the Independent Manager.

## V.    EDUCATION AND TRAINING

22. Within 90 days of the effective date of this Decree, Defendants, any person involved in performing property management responsibilities at properties related to this Decree, and any employees or agents who supervise such persons, including the Independent Manager, shall undergo live training on the FHA, with specific emphasis on discrimination on the basis of sex, sexual harassment, and discriminatory statements. Live training may include training provided by streaming or video service (e.g. zoom). The attendees shall be provided a copy of this Consent Decree at the training. The trainer or training entity must be independent of Defendants, of Defendants' counsel, and of any Independent Manager retained under this Decree, qualified to perform such training, and approved in advance in writing by the United States. Defendants shall bear the cost of any expenses associated with this training. At a minimum, the training shall consist of instruction on the requirements of all applicable federal and state housing discrimination laws, with an emphasis on sex discrimination and sexual harassment, and a question-and-answer session for the purpose of reviewing the foregoing areas.

23. Defendants shall obtain from the trainer or training entity certifications of attendance signed by each individual who attended live training described in paragraphs 22 and 24, confirming their attendance. The certification, included at Attachment D, shall include the name of the course, the date the course was taken, the subject matters covered in the course, and the length of the course and/or time within which the course was completed. Defendants shall provide copies of these certifications to counsel for the United States within 10 days of completion of the training.

24. During the effective period of this Decree, all new agents or employees of Defendants, including any new or replaced Independent Manager, or agents or employees of the Independent Manager, who are involved in showing, renting, managing or maintaining any residential rental properties owned, managed, or operated by Defendants, and all employees or agents who supervise such persons, shall, within 30 days of commencing an employment or agency relationship with Defendants or the Independent Manager, be provided the training described in Paragraph 22, supra, or participate in an online training on the Fair Housing Act, including the Act's provisions related to sexual harassment and other forms of sex discrimination. The online training program must be approved in advance by the United States. New employees who are provided online training shall participate in a live training as described in Paragraph 22, supra, within one year of commencing an employment or agency relationship with a Defendant, and must be provided a copy of the Consent Decree at the training.

## VI. COMPENSATION OF AGGRIEVED PERSONS

25. Within 10 days of the entry of this Consent Decree, Defendants shall pay a total of $736,000 (seven hundred and thirty-six thousand dollars) (AP Settlement Funds) for the benefit of aggrieved persons identified by the United States in Exhibit A to its Second Supplemental Rule 26(a) disclosures dated May 14, 2021, and listed by their initials in Attachment B, by delivering the AP Settlement Funds to Atticus Administration, LLC (Atticus), a third-party administrator. Defendants shall be responsible for all costs and expenses associated with work performed by Atticus. Within 30 days of the entry of this Consent Decree, Atticus, on behalf of Defendants, shall deliver to counsel for the United States (Assistant U.S. Attorney Samie or Bildtsen) by overnight mail checks in the amounts specified in Attachment B payable to each aggrieved person or for the benefit of each aggrieved person as instructed by the United States.

26. When counsel for the United States has received a check payable to an aggrieved person or for the benefit of an aggrieved person in the amount specified in Attachment B, and a signed release in the form of Attachment C from the aggrieved person, counsel for the United States shall deliver the check to the aggrieved person and the original, signed release to counsel for the Defendants. No aggrieved person shall be paid until she has executed and delivered to counsel for the United States the release at Attachment C.

27. In the event that any of the checks for the benefit of aggrieved persons are not cashed, deposited, or otherwise negotiated within six months of the date on which they were sent to the United States, Defendants may cancel any such checks.

28. The damages required to be paid pursuant to this Section are a debt within the meaning of 11 U.S.C. § 523(a)(6). Accordingly, the Defendants shall not seek to discharge any part of this debt in bankruptcy.

## VII. ADDITIONAL RELIEF FOR AGGRIEVED PERSONS

29. Defendants forgive and forever discharge the Aggrieved Persons listed by initial in Attachment B to this Consent Decree from claims of alleged nonpayment of past rent owed prior

to the date of this Consent Decree. This forgiveness does not include any rents placed into escrow during the pendency of this litigation or any related litigation.

30.     Defendants shall request that residential tenant screening services identified by Plaintiff United States remove any negative rental information that Defendants have previously filed regarding the Aggrieved Persons. Plaintiff will provide Defendants a list of residential tenant screening services upon request. If a reference is requested by a housing provider or residential tenant screening service, Defendants shall provide a neutral rental reference regarding any Aggrieved Person which discloses only the fact of the Aggrieved Person's tenancy with the Defendants, and the dates of said tenancy.

31.     Within 21 (twenty-one) days of the effective date of this Decree, Defendants will execute and cooperate fully in the completion and filing of any and all necessary documents to seek dismissal of any pending eviction, unlawful detainer, or related actions or proceedings that any Defendant initiated or maintained against any and all Aggrieved Persons listed by initial in Attachment B to this Consent Decree. A list of any such proceedings has been jointly compiled by counsel for the parties. The Defendants shall execute and cooperate fully in the filing of any and all motions, affidavits, petitions, notices of dismissal, or other documents that may be required to seek dismissal of any such pending proceedings jointly identified by counsel.

32.     Within 21 (twenty-one) days of the effective date of this Decree, Defendants will execute and file any and all necessary documents with the appropriate court(s) requesting that the court vacate any adverse judgments obtained by Defendants against any Aggrieved Person listed by initial in Attachment B to this Consent Decree. A list of any such proceedings has been jointly compiled by counsel for the parties. Stipulations to expunge eviction or unlawful detainer actions in Hennepin County shall be substantially similar to the format in Attachment E to this Consent Decree.  Defendants shall promptly submit vacated judgments and expungement orders regarding Aggrieved Persons to residential tenant screening services and request the deletion of references to those court files.

33.     Within 21 (twenty-one) days of notification by the United States of any detrimental information Defendants have reported to any of the three major credit bureaus regarding the Aggrieved Persons listed by initial in Attachment B to this Consent Decree, Defendants will take any and all actions necessary to request the expungement of credit histories of any such detrimental information.[1]

34.     Defendants shall inform the United States within 5 (five) days after taking any of the actions described in Paragraphs 30 through 33, supra. Notification shall be made to the undersigned counsel for the United States or Chief of the Civil Division of the United States Attorney's Office for the District of Minnesota.

35.     Defendants shall maintain all records relating to the actions taken in accordance with Paragraphs 30 through 33, supra, and shall, within 30 (thirty) days of taking such actions,

---

[1] Those bureaus are Equifax, Experian, and TransUnion.

9

send to the United States copies of the documents demonstrating compliance with the requirements of those paragraphs.

36. Defendants, their agents, and affiliated companies shall not raise the rent or fees of any property at issue in this Decree, or demand a deposit or other fee for the purpose of offsetting any of the costs incurred as a result of this litigation or their compliance with their obligations under this Consent Decree.

## VIII. CIVIL PENALTY

37. Within 10 (ten) days of the entry of this Consent Decree, Defendants shall pay $14,000 (fourteen thousand dollars) to the United States Treasury as a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest. Defendants shall make this civil penalty payment to third-party administrator Atticus, which shall make the $14,000 civil penalty payment to the United States within three business days of receiving the civil penalty funds from Defendants. Atticus shall make the civil penalty payment to the United States in the form of an electronic fund transfer pursuant to written instructions provided by the United States.

38. In the event that any Defendant, their agent, or their employee engages in any future violation(s) of the FHA, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

## IX. COMPLIANCE

39. The United States may review compliance with this Consent Decree at any time, including through testing of Defendants and their properties. Defendants agree to cooperate with the United States in any review of compliance with this Consent Decree. Upon reasonable notice, Defendants shall permit counsel for the United States to inspect and copy all non-privileged records pertinent to this Decree.

## X. TERMINATION OF LITIGATION HOLD

40. The Parties agree that, as of the effective date of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in this Consent Decree. To the extent that any party has previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, that party is no longer required to maintain such litigation hold. Nothing in this paragraph relieves any party of any other obligations under this Decree, including, inter alia, Defendants' obligation to preserve documents under Paragraph 15.f, and 35, supra.

## XI. DURATION, EXECUTION, AND OTHER TERMS

41. The non-permanent terms of this Consent Decree shall remain in effect for five years after the date of entry. The United States may move the Court to extend the period of the non-permanent terms of this Consent Decree if one or more Defendants violates any term of the

Consent Decree or if the interests of justice so require. Such an extension shall apply only to the Defendants who violate the terms of the Consent Decree.

42. Defendants and private Plaintiffs agree that any payment by Defendants to Mid-Minnesota Legal Aid for attorneys' fees and costs, including under 42 U.S.C. § 3613(c)(2) or Minn. Stat. § 363A.33, subd. 7, shall be determined by the agreement of the private Plaintiffs and Defendants, and if not, by motion in Civil No. 19-cv-3132 (WMW/KMM), filed by Mid-Minnesota Legal Aid within 60 days of the effective date of this Decree.

43. Except as provided in Paragraphs 42 and 46 of this Consent Decree, each party shall bear its own legal or other costs incurred in connection with this matter, including the preparation, negotiation, and performance of this Consent Decree.

44. This Decree is binding on the Parties and their transferees, successors, heirs, and assigns.

45. Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the Parties.

46. The Parties to this Consent Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by any Defendant, willful or otherwise, to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees occasioned by the violation or failure to perform.

**IT IS SO ORDERED** this 25th day of October, 2021.

          s/Wilhelmina M. Wright
          WILHELMINA M. WRIGHT
          United States District Judge

FOR THE UNITED STATES OF AMERICA:

Dated:  August 9, 2021

| | |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division | W. ANDERS FOLK<br>Acting United States Attorney<br>District of Minnesota |
| | /s/Bahram Samie |
| SAMEENA SHINA MAJEED<br>Chief<br>TIMOTHY MORAN<br>Deputy Chief<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Northwest Building, 7th Floor<br>Washington, DC 20530 | BAHRAM SAMIE (#392645)<br>ANN BILDTSEN (#271494)<br>Assistant U.S. Attorneys<br>United States Attorney's Office<br>District of Minnesota<br>600 U.S. Courthouse<br>300 South 4th St.<br>Minneapolis, MN 55415<br>Tel: (612) 664-5630<br>Fax: (612) 664-5788<br>Bahram.Samie@usdoj.gov<br>Ann.Bildtsen@usdoj.gov |

FOR PLAINTIFFS SHATARA BROWN, NIKOE LEE, AND COLLEANA YOUNG

Dated:  August 14, 2021

MID-MINNESOTA LEGAL AID


*/s/Justin Perl*
Rebecca Stillman (#398550)
(612) 746-3759 (phone and fax)
rstillman@mylegalaid.org
Anne M. Robertson (#212775)
(612) 746-3725 (phone and fax)
amrobertson@mylegalaid.org
Justin H. Perl (#151397)
(612) 746-3727
jperl@mylegalaid.org
111 North Fifth Street, Suite 100
Minneapolis, MN 55403

FOR DEFENDANTS REESE PFEIFFER, JEANNE PFEIFFER & FRUEN & PFEIFFER, LLP:

Dated:  August 16, 2021

*/s/Reese Pfeiffer*
REESE PFEIFFER (individually and on behalf of Fruen & Pfeiffer, LLP)

*/s/A. Jeanne Pfeiffer*
JEANNE PFEIFFER

*/s/Sylvia Ivey Zinn*
Sylvia Ivey Zinn (szinn@brendelandzinn.com)
Brendel and Zinn, Ltd.
155 Wabasha Street South, Suite 125
St. Paul, MN 55107


FOR DEFENDANTS JEREMY MARTINEAU, MICHAEL FRUEN, & M. FRUEN PROPERTIES LLC:

Dated:  August 12, 2021

*/s/Jeremy Martineau*
JEREMY MARTINEAU

*/s/Michael Fruen*
MICHAEL FRUEN (individually and on behalf of M. Fruen Properties)

*/s/Michael Kemp*
Michael Kemp (Mkemp@hansendordell.com)
Hansen Dordell
3900 Northwoods Dr., Suite 250
St. Paul, MN 55112

## Attachment A
### List of Residential Rental Properties

| Current Owner | Address | Description |
|---|---|---|
| Reese Pfeiffer | 4101 Lowry Ave. N, Robbinsdale, MN 55422 | Duplex (4103) |
| Reese Pfeiffer | 4105 Lowry Ave. N, Robbinsdale, MN 55422 | Duplex (4107) |
| Reese Pfeiffer & Jeanne Pfeiffer | 520 Ellis Ln, Golden Valley, MN 55427 | Duplex (522) |
| Reese Pfeiffer & Jeanne Pfeiffer | 2811 11th Ave. S, Minneapolis, MN 55407 | 4 Unit Apartment |
| Reese Pfeiffer & Jeanne Pfeiffer | 3237 Douglas Dr. N, Crystal, MN 55422 | Triplex (3241,3239) |
| Reese Pfeiffer & Jeanne Pfeiffer | 4088 Jersey Ave. N, Crystal, MN 55427 | Single Family |
| Reese Pfeiffer & Jeanne Pfeiffer | 4109 1/2 Lowry Ave. N, Robbinsdale, MN 55422 | Duplex (4101) |
| Reese Pfeiffer & Michael Fruen | 14432 15th Ave N, Plymouth, MN 55447 | Duplex (14430) |
| Reese Pfeiffer & Jeremy Martineau | 4001 Welcome Ave. N, Robbinsdale, MN 55422 | Duplex (4003) |
| Fruen & Pfeiffer, LLP | 2551 Douglas Dr. N. Golden Valley, MN 55422 | Duplex (2553) |
| Fruen & Pfeiffer, LLP | 2743 Douglas Dr. N. Crystal, MN 55422 | Townhouse |
| Fruen & Pfeiffer, LLP | 2749 Douglas Dr. N. Crystal, MN 55422 | Townhouse |
| Fruen & Pfeiffer, LLP | 2755 Douglas Dr. N., Crystal, MN 55422 | Townhouse |
| Fruen & Pfeiffer, LLP | 2761 Douglas Dr. N. Crystal, MN 55422 | Townhouse |
| Fruen & Pfeiffer, LLP | 3601 Colorado Ave. N. Crystal, MN 55422 | Duplex (3603) |
| Fruen & Pfeiffer, LLP | 4011 Welcome Ave. N. Robbinsdale, MN 55422 | Duplex (4013) |
| Fruen & Pfeiffer, LLP | 4053 Welcome Ave. N. Robbinsdale, MN 55422 | Duplex (4055) |
| Fruen & Pfeiffer, LLP | 4162 Adair Ave. N. Robbinsdale, MN 55422 | Duplex (4164) |
| Fruen & Pfeiffer, LLP | 4848 Maryland Ave. N, Crystal, MN 55428 | Single Family |
| Fruen & Pfeiffer, LLP | 5123 49th Ave. N. Crystal, MN 55429 | Single Family |
| Fruen & Pfeiffer, LLP | 5910 36th Ave. N. Crystal, MN 55422 | Single Family |
| Fruen & Pfeiffer, LLP | 6600 46th PL N Crystal, MN 55428 | Single Family |
| Fruen & Pfeiffer, LLP | 753 8th Ave. S., Hopkins, MN | Single Family |
| Fruen & Pfeiffer, LLP | 4818 Hampshire Ave. N., Crystal, MN | Single Family |
| Fruen & Pfeiffer, LLP | 5815 42nd Ave. N., Robbinsdale, MN | Single Family |
| Fruen & Pfeiffer, LLP | 5619 Zane Ave. N., Crystal, MN | Single Family |
| M. Fruen Properties, LLC | 9840 Nicollet Ave S, Bloomington, MN 55420 | 11 Unit Apartment |
| M. Fruen Properties, LLC | 6325 Med. Lake Rd., Golden Valley, MN 55427 | Duplex (6327) |
| M. Fruen Properties, LLC | 4795 Beacon Hill Rd., Eagan, MN 55122 | Single Family |
| Michael Fruen | 3437 Arbor Ln, Minnetonka, MN 55305 | Single Family |

**Attachment B**
**Aggrieved Persons**

| Aggrieved Persons Initials | Amount |
| --- | --- |
| A.B. | $32,000 |
| C.Y. | $32,000 |
| D.S. | $32,000 |
| L.B. | $32,000 |
| M.S. | $32,000 |
| N.L. | $32,000 |
| P.G. | $32,000 |
| S.B. | $32,000 |
| K.W. | $32,000 |
| J.W. | $32,000 |
| M.K. | $32,000 |
| C.W. | $32,000 |
| C.J. | $32,000 |
| C.W. | $32,000 |
| T.D. | $32,000 |
| P.W. | $32,000 |
| T.W. | $32,000 |
| A.M. | $32,000 |
| C.R. | $32,000 |
| E.J. | $32,000 |
| S.W. | $32,000 |
| C.H. | $32,000 |
| J.R. | $32,000 |

## Attachment C
### Release of Claims

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of *United States v. Reese Pfeiffer, et al.*, 20-cv-1974 (WMW.KMM) (D. Minn.), as approved by the United States District Court for the District of Minnesota, and in  and in consideration and contingent upon the payment of $_____ to me or for my benefit, I hereby release and forever discharge Reese Pfeiffer, Jeanne Pfeiffer, Michael Fruen, Jeremy Martineau, Fruen & Pfeiffer LLP, and M. Fruen Properties LLC, from any and all fair housing sexual discrimination claims set forth, or which could have been set forth, in the Complaint in the action named above that I may have had against any of them as of the entry of the Consent Decree.  I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

Executed this _____ day of _____, 2021.

_____
Signature

_____
Print Name

**Attachment D**
**Employee/Agent training Acknowledgement**

      I hereby acknowledge that on _____, 202_, I completed training conducted by _____ on the requirements of the federal Fair Housing Act and the Consent Decree entered by the United States District Court for the District of Minnesota in *United States v. Pfeiffer, et al,* Case No. 20-cv-1974 (WMW/KMM).  I have also received and read a copy of that Consent Decree.  My attendance at the training occurred during the following time frame: [insert starting and ending times]

      I understand my obligation to not discriminate against any person in any aspect of the rental of a residential dwelling because of sex, race, color, religion, national origin, disability, or familial status (having children under age 18).

      I also understand my obligation not to retaliate against any individual for exercising a right protected by the Fair Housing Act.


_____
Signature/Printed Name


_____
Job Title/Position


_____
Date

**Attachment E**
<u>**Form of Stipulation**</u>

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| | **FOURTH JUDICIAL DISTRICT** |
| **COUNTY OF HENNEPIN** | **CASE TYPE: EVICTION** |

**Case No.** _____

Plaintiff (Landlord),

v.

**STIPULATION FOR EXPUNGEMENT OF EVICTION RECORD**

Defendants (Tenant).

**STIPULATION**

WHEREAS the parties settled their dispute that relates to this action; and

WHEREAS Defendant seeks the opportunity to find new housing and the record of this eviction case is making that difficult for her;

NOW THEREFORE the parties by their undersigned counsel stipulate and agree this matter may be expunged from the public record pursuant to the Court's inherent authority without further notice or hearing. The parties agree the public has no interest in knowing about the factual record of this case.

IT IS SO AGREED.

Dated: _____      By: _____

*Plaintiff/Attorneys for Plaintiff*

Dated: _____      By: _____

*Defendant/Attorneys for Defendant*

18