UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Shatara Brown, Nikoe Lee, and Colleana Young, | Case No. 19-cv-3132 (WMW/KMM) |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO ENFORCE JUDGMENT** |
| Reese Pfeiffer, Fruen & Pfeiffer LLP, and M Fruen Properties LLC, | |
| Defendants. | |

---

This matter is before the Court on Defendants Reese Pfeiffer, Fruen & Pfeiffer LLP, and M Fruen Properties LLC's (collectively, defendants') motion to enforce the judgment. (Dkt. 177.) For the reasons addressed below, defendants' motion is denied.

## BACKGROUND

Plaintiffs Shatara Brown, Nikoe Lee, and Colleana Young were tenants of defendant Reese Pfeiffer and his business partner, former defendant Michael Fruen, living in properties owned by Pfeiffer and Fruen's company, defendant Fruen & Pfeiffer LLP, and managed by defendant M Fruen Properties, LLC. The plaintiff-tenants brought this lawsuit claiming that Pfeiffer sexually harassed them, offering them rent discounts and other inducements for sexual favors and threatened them with eviction or other rental consequences if they failed to have sex with him. After plaintiffs filed this action, the government also filed Fair Housing Act claims against the defendant landlords, *United States v.*

*Reese Pfeiffer*, 20-cv-1974 (WMW/KMM), and that case was consolidated with this matter for pretrial purposes.

The parties eventually agreed to a consent decree in both pending matters that, among other relief, enjoined defendant Pfeiffer from "directly or indirectly performing any property management responsibilities at any residential rental property." The decree also discharged all unpaid rent for 23 "Aggrieved Persons," who were identified only by initials in Attachment B to the decree. Defendants agreed to forgive $32,000 in unpaid rent for each of these Aggrieved Persons. Defendants ultimately paid $736,000—$32,000 to each of the 23 tenants—and a $14,000 civil penalty, plus an additional $140,000 in attorney's fees to the tenants' attorneys, Mid-Minnesota Legal Aid. The Court approved the consent decree in October 2021, retaining jurisdiction to enforce its terms.

Defendants' motion to enforce the judgment does not seek to enforce the terms of the consent decree, however. Rather, defendants putatively seek to enforce the terms of a temporary restraining order (TRO) entered in this matter in December 2019 enjoining defendants from evicting Brown or terminating her lease. The TRO waived the requirement that Brown post a bond to secure temporary injunctive relief because she promised to deposit her unpaid rent into an escrow account with Mid-Minnesota Legal Aid. According to defendants, after the consent decree issued, they learned that Brown had not deposited

her rent for three months, with a total of $1202.00 in allegedly unpaid rent.[1]  Defendants now ask that the Court require Brown to pay any unpaid rent.

Brown contends that defendants had an accounting of all rent actually placed into Mid-Minnesota Legal Aid's escrow before they entered into the consent decree, which showed that Brown had not paid all of her rent into the escrow account.  The consent decree exempts only rent "placed into escrow during the pendency of this litigation."  Because defendants knew when they entered into the consent decree that Brown had not paid all of her rent into escrow, Brown argues, defendants have waived any claim to the unpaid rent.

## ANALYSIS

### I. Jurisdiction

Defendants argue that the Court has jurisdiction over this motion under Fed. R. Civ. P. 65 and 70.  Neither Rule supports the exercise of jurisdiction.

A temporary restraining order may issue "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The TRO provided: "Consistent with Plaintiff Shatara Brown's assurances that she will pay her portion of the monthly rent to Mid-Minnesota Legal Aid's client trust account, no bond is

---

[1] Defendants also contend that Mid-Minnesota Legal Aid violated the consent decree by paying other tenants' rent with "stale" money orders that Defendants' bank rejected, resulting in a $136 service charge.  Defendants claim that Mid-Minnesota Legal Aid still owes nearly $1300, but also state that Mid-Minnesota Legal Aid has agreed to pay the deficiency.  Because the reply memorandum does not address this alleged breach, it appears that Mid-Minnesota Legal Aid has now paid all money due.

required." The TRO neither specified the amount Brown promised to pay, nor prescribed any other requirement regarding this promised payment.

The TRO expired by its own terms on January 24, 2020. Although Brown also sought a preliminary injunction, by the time of the hearing on that motion the parties had agreed to relief that mooted the requested injunction, and it was denied as such and no bond was ordered. Thus, even had Brown been required to post a bond to secure the TRO, that bond would have been discharged as of January 24, 2020. The rents at issue here, whether from February 2020 or later, were due well past that date and Brown did not violate either Rule 65(c) or the TRO by failing to pay them into the escrow account.

Similarly, Rule 70 has no application here. That Rule provides that a court retains jurisdiction to enforce a judgment for a specific act: "If a judgment requires a party to convey land, to deliver a deed or other document, or to *perform any other specific act* and the party fails to comply within the time specified, the court may order the act to be done . . . ." Fed. R. Civ. P. 70(a) (emphasis added). The TRO did not require Brown to perform any specific act, and even if it could be read to require her to pay rent into the escrow account, the rents at issue in this motion—which were not due until after the TRO had expired—were not part of any such requirement.

Defendants also assert that the Court may entertain this motion under its ancillary jurisdiction. But the two cases that Defendants cite for this proposition do not support Defendants' contention. In *United States v. Bowler*, No. 14-mc-49 (PJS/JJK), the court found respondent taxpayers in contempt of a previous court order requiring them to provide

4

documents to the IRS. Ancillary jurisdiction was not addressed in either the Report or Recommendation or the order adopting that Report and Recommendation. And the issue in *Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215 (8th Cir. 2006), pertained to whether the district court had jurisdiction to impose civil contempt sanctions while the underlying judgment was on appeal. Neither case supports the exercise of jurisdiction here.

"When a party has obtained a valid federal judgment, only extraordinary circumstances, if any, can justify ancillary jurisdiction" to enforce that judgment. *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). The only judgment in this case is the consent decree, which does not order Brown to pay defendants anything. And there are no "extraordinary circumstances" that would justify the Court requiring her to do so.

The Court lacks jurisdiction over this motion, and it is therefore denied.

**II.     Other Issues**

Brown also argues that the motion should be denied because defendants waived any claim to unpaid rents and failed to mitigate their damages. Because the Court concludes that the motion must be denied for lack of jurisdiction, it need not reach these arguments.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Reese Pfeiffer, Fruen & Pfeiffer LLP, and M Fruen Properties LLC's motion to enforce judgment, (Dkt. 177), is **DENIED**.

Dated: January 31, 2023                                      s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge